## WATKINS v. JENSEN et al.

No. 3540. Decided March 23, 1921. (197 Pac. 222.)

1. REPLEVIN—NONSUIT PROPERLY GRANTED AS TO DEFENDANTS NOT IN POSSESSION. In an action to recover the possession or value of an animal described, the court properly granted motion for nonsuit as to two of the three defendants, neither of whom was in possession of the animal at the date of bringing suit.

2. REPLEVIN—DEMAND AGAINST RIGHTFUL POSSESSOR NECESSARY BEFORE SUIT. When any one comes rightfully into possession of personal property belonging to another, before the latter may institute action to recover possession of such property or its value, a demand upon the former for its return is necessary, unless the subsequent conduct of the defendant is such that it is apparent that the demand, if made, would have been unavailing.[1]

3. REPLEVIN—NO DEMAND NECESSARY AGAINST WRONGFUL POSSESSOR. Where a party comes into possession of property wrongfully and without right, no demand is necessary before instituting an action against him to recover possession.

4. REPLEVIN—DEMAND HELD NOT NECESSARY CONDITION TO REPLEVIN AGAINST DEFENDANT DENYING PLAINTIFF'S RIGHT. In an action to recover the possession or value of an animal, where defend-

---

[1] *Nielson* v. *Hyland*, 51 Utah, 334, 170 Pac. 778.

ant by his answer denied ownership in plaintiff, and denied that he wrongfully or forcibly obtained possession of the animal, or that he wrongfully or unlawfully retained such possession, it was apparent that any demand by plaintiff would have been useless, and such demand was not a necessary condition precedent to his right to bring action.

5. ANIMALS—STATUTE AUTHORIZING DISTRAINT STRICTLY CONSTRUED. The authority under Comp. Laws 1917, §§ 58-61, to distrain trespassing animals and to deliver them to the poundkeeper to be sold in satisfaction of the distrainer's claim is a summary means of enforcing a legal right in contravention of the general rule of law that the owner of private property cannot be deprived thereof, except on judicial proceedings regularly had in a court of justice, so that the statute must be strictly followed.

6. ANIMALS—POUNDKEEPER'S SALE UNLAWFUL, UNLESS STATUTE IN FOLLOWED. If plaintiff's animal was trespassing on defendant's premises, defendant had a right to distrain it, and to deliver it to the poundkeeper, but, unless the other provisions of the statute were complied with, the possession of the poundkeeper and his attempted sale of the animal to satisfy the damages claimed constituted a trespass, and rendered such possession wrongful, not only as to him, but as to the purchaser at the sale.

Appeal from District Court, First District, Box Elder County; *J. D. Call,* Judge.

Action by Joseph H. Watkins against Sylvester Jensen and others. From judgment dismissing the case, plaintiff appeals.

AFFIRMED as to the unnamed defendants, as to the named defendant REVERSED, and cause remanded, with directions to set aside order sustaining motion for nonsuit and dismissing the action.

*Young & Young,* of Brigham City, for appellant.

*Geo. Halverson,* of Ogden, for respondents.

GIDEON, J.

Appeal from First District

In this action the plaintiff seeks to recover the possesion or value of a certain animal described in the complaint. The usual allegations of possession on a date named, ownership, right of possession in plaintiff on said date, as well as on the date of the commencement of the action, are contained in the complaint. Plaintiff further alleges wrongful taking and detention by defendants, as well as the value of the property in question. The answer is a general denial. At the close of plaintiff's testimony the defendants separately interposed motions for nonsuit. No serious objection was made to the motions so far as defendants Archibald and Wallace were concerned. The motion on behalf of defendant Jensen for nonsuit and dismissal of the action was based upon the alleged grounds that the evidence failed to show that the sale to Jensen was unlawful, or that his possession of the animal was wrongful; further, that it had not been shown that the animal was taken wrongfully or forcibly from plaintiff, or that Jensen held the same from the possession of plaintiff unlawfully; also that the evidence failed to show that a demand had been made for possession prior to the institution of the action. The court granted the motion and dismissed the case. Error is assigned in sustaining the motion and in dismissing the case.

It appears from the testimony that on January 6, 1920, plaintiff was the owner of the animal in question, and upon that date, as stated by plaintiff in his testimony, it was supposed to be on his premises in Bear River precinct in Box Elder county. It likewise appears that on the following day the same animal was seen in the estray pound in that precinct. Just how, or by whom, the animal was placed there does not appear. It does appear, however, that one of the defendants, Adam Archibald, is the constable of that precinct, and is therefore ex officio poundkeeper of said precinct. Comp. Laws Utah, 1917, § 50. It also appears that Jensen obtained possession of the animal from the constable, and received a bill of sale from such officer. He claimed by virtue of that bill of sale. The bill of sale is not included in the bill of exceptions, nor is found anywhere in the record. During

the trial plaintiff called as his witness defendant Jensen. In the cross-examination of this witness the bill of sale was offered and received in evidence. However, it was not read into the record, and after the court dismissed the action this paper was withdrawn from the files. Evidently appellant did not consider it of any great importance, or in any way controlling; otherwise it would have been placed in the record. Plaintiff offered in evidence a paper dated January 6, 1920, which purports to be a certificate of appraisement of damages done by certain animals belonging to plaintiff to the property of defendant Wallace. The certificate described the animals causing the damage, the place where the damage was done, and the name of the person damaged, but no mention is made of the time when the damage was done. Neither is there anything in this certificate or in the record to indicate whether the signers of the certificate were freeholders in the precinct. No demand for the return of the animal in question was made upon any of the defendants prior to bringing this action. The testimony of defendant Jensen proved conclusively that he was in possession of the animal on February 20, 1920, the date the suit was instituted, and also at the date of the trial.

The district court was of the opinion that defendant Jensen came into possession of the animal rightfully, and that plaintiff could not maintain this action without a demand on Jensen and refusal on his part to deliver the animal to plaintiff.

The court was clearly right in granting the motion as to defendants Archibald and Wallace. Neither of these defendants was in possession of the animal in question at the date of bringing the suit, and it is not shown that either claimed any interest or control over the animal at that date or at the date of the trial. To determine whether the motion was rightfully granted as to defendant Jensen will require an examination of the statute authorizing the impounding and sale of trespassing animals.

While it does not appear that the animal was distrained by Wallace and delivered by him to the poundkeeper, it seems to have been so understood and accepted in the district court, and likewise in the argument in this court. We shall there-

fore consider the case upon the assumption that such are the
facts.     Comp. Laws Utah 1917, § 58, authorizes any ag-
grieved party to distrain and impound certain animals men-
tioned therein for trespassing or doing damage upon the
premises occupied or owned by such aggrieved party. Sec-
tion 59 authorizes the owner or occupant of any property to
distrain all animals trespassing upon or doing damage to such
property.   It also provides that the distrainer shall, within
24 hours, deliver such animals to the poundkeeper of the
precinct, together with a certificate of appraisement of the
damages done by such animals.    Such appraisement must
be made by a disinterested citizen, a freeholder over the age
of 21 years.    Such appraisement must state the amount of
damages, the time when committed, the name of the person
damaged, the name of the owner of the animals, if known, and,
if not known, must state that fact, together with a descrip-
tion of the animals, including all visible marks and brands.
Section 60 makes it the duty of the distrainer, if the owner
of the animals be known and he resides within 10 miles of
the place of trespass, to immediately deliver to such owner,
or leave at his place of residence, a copy of such certificate
of appraisement, but in the event that the owner lives at a
greater distance than 10 miles from the place of trespass the
distraining party may, at his option, deliver a copy of such
certificate to the owner in person or deposit the same in the
nearest post office in a registered letter addressed to the
owner.   Section 61 provides that upon failure to deliver the
animals distrained or the certificate of appraisement to the
poundkeeper within 48 hours, or failure to deliver to the
owner of the animals, if known, a copy of the certificate of
appraisement within 24 hours, or to deposit the same in the
post office as provided in the statute, the distrainer shall not
be entitled to recover damages under the provisions of the
act.   Section 63 has to do with the notice of sale of the tres-
passing animals in the event they are not redeemed by the
owner in the time specified therein.   It is provided in that
section that the notice shall state the time when the damage
was done, the amount thereof, the name of the party dam-

aged, and a description of the animals and the date and place when such animals will be sold.

It is the contention of appellant that it affirmatively appears that the certificate of appraisement is fatally defective, and therefore gave the poundkeeper no right or jurisdiction to sell the property for the damages claimed, for the reason that the certificate failed to state the time when the damage was done. It is further contended that the poundkeeper must look to the statute for his authority to sell the animals, and that, the statute being special, it is incumbent, in order to justify a sale, that every requirement has been strictly complied with. As indicated above, it appears that the animal in question belonged to the plaintiff, and was in his possession January 6, 1920, and that he never willingly or voluntarily parted with such possession at any time before the commencement of the action. Neither did he give his consent to the possession by either of the defendants. If, therefore, it affirmatively appears that the poundkeeper was without right of authority to sell the animal then, of necessity, and logically, the possession of defendant Jensen was wrongful and not authorized.

It may, without much qualification, be stated as a general rule that when any one comes rightfully into possession of personal property belonging to another before **2** the latter may institute an action to recover possession of such property, or its value, a demand upon the former for its return is necessary, unless the subsequent conduct of the defendant is such that it is apparent that such demand, if made, would have been unavailing. *Nielsen* v. *Hyland,* 51 Utah, 334, 170 Pac. 778; 34 Cyc. 1405. On the other hand, it is generally held that where a party comes into possession of property wrongfully and without right no demand is necessary or required before instituting an action to recover possession of the same. 34 Cyc. 1404. It is, **3** however, the general rule that, even though the possession of property has been rightfully acquired, if the conduct of the party is such that it appears that a demand would have been unavailing, no demand is required. *Nielsen* v. *Hyland, supra;* 34 Cyc. 1404, 1405. In this case the defendant,

by his answer, denied ownership of the animal in plaintiff, and denied that he wrongfully or forcibly obtained possession of the animal, or that he wrongfully or unlawfully retained such possession. It must therefore be apparent that any demand would have been useless, and would not have changed the position taken by the defendant upon the trial of the action.

The authority granted to an owner or occupant of premises to distrain animals trespassing upon or doing damage to such premises and to deliver the same to the poundkeeper to be sold by such officer in satisfaction of the claim of the distrainer is a summary means of enforcing a legal right. It is in contravention of, and an exception to, the accepted rule of law co-existent with Anglo-Saxon institutions that the owner of private property cannot be disturbed in or deprived of the use and enjoyment of such property against his will, except upon judicial proceedings regularly had in a court of justice. Such principle of law is fundamental, and therefore needs no citation of authorities. It is, and has been since the earliest history of the common law, the accepted rule of right in property upon which courts base judgments and conclusions, without attempting to discuss the reason for or the existence of such principle. A statute, therefore, under all of the authorities, authorizing proceedings in contravention of that accepted rule, must be strictly followed. *Clark* v. *Lewis,* 35 Ill. 417. See, also, *Riker* v. *Hooper,* 35 Vt. 457, 82 Am. Dec. 646; *Nelson* v. *Merriam,* 4 Pick. (Mass.) 249; *Hale* v. *Clark,* 19 Wend. (N. Y.) 498; 90 Am. St. Rep. 212, note, 1 R. C. L. 1140. The statute provides that the certificate of appraisement must contain a statement of the time when the damage was done. It likewise provides that the notice of sale must so state. The language of the statute is clear and unambiguous. It is not the province of the court to inquire as to the purpose or object sought by the Legislature in making such requirements. The requirements are found in the statute. The reasons for the same were doubtless satisfactory to the Legislature in enacting the law. The certificate of appraisement makes no attempt to meet these requirements.

In this case, assuming that the animal was trespassing upon the premises of defendant Wallace, and assuming also that that gave him the right to distrain it and to deliver it to the poundkeeper, and to that extent the possession by the poundkeeper of the property was lawful, nevertheless, unless the other provisions of the statute respecting the amount of damages, etc., were complied with, the possession of the poundkeeper and his attempted sale of the animals to satisfy the damages claimed constituted a trespass, and rendered such possession wrongful, not only as to him, but as to the purchaser at the sale.

We are therefore of the opinion that the district court erred in sustaining the motion as to the defendant Jensen and in dismissing the action as to him.

The plaintiff appealed from the order sustaining the motion for nonsuit and the dismissal of the action as to all of the defendants. As indicated, as to the defendants Archibald and Wallace, the judgment should be affirmed.

The cause is remanded to the district court, with directions to set aside its order sustaining the motion for nonsuit and dismissing the action as to the defendant Jensen, and to proceed with the case in accordance with the views expressed herein. The costs to be taxed one-half against the appellant and one-half against the respondent Jensen.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.